IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AARON JIMMIE URBAN,

        Plaintiff

v.                                                          Case No. 2:24-cv-00058

STATE OF WEST VIRGINIA, *et al.*,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S ALLEGATIONS

On February 6, 2024, while incarcerated at the South Central Regional Jail ("SCRJ"), the *pro se* Plaintiff filed the instant complaint under 42 U.S.C. § 1983 alleging claims arising out of his criminal prosecution in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1). First, Plaintiff's complaint alleges that "the Kanawha County Sheriff's Office" and the "Prosecutor's Office" "refused to press charges or take reports on crimes against [Plaintiff]" extending back to 2020 and 2021, and also refused to pursue abuse and neglect or assault charges concerning his son. (*Id.* at 5). Plaintiff

further claims that "there [sic] office"[1] "entrapped" him and violated his right "to obtain evidence in his criminal case," thereby "estopping him from defending [his] case" and "depriving him of liberty without legal or due process." (*Id.* at 4, 6). The complaint further contends that Plaintiff has "been incarcerated almost 7 months without arraignment and right to speedy trial where [he] can present pretrial defenses and motions." (*Id.* at 6).

Plaintiff further claims that the SCRJ (which is not a "person" who can be sued under § 1983) has "assisted" in "depriving him of rights and liberty by not providing [him] with writing material to contact the court for 2 months and not making copies or notarizing legal papers which hindered [his] ability to defend or present arguments in his defense." (*Id.* at 5). Finally, Plaintiff alleges that the State of West Virginia used "the forensic psychologist" (believed to be "Clayman[] LLC") to "induce secret interrogations and abuse authority further depriving [him] of freedom and liberty without legal or due process" and "holding [him] incommunicado [for] 6 months in jail." (*Id.* at 5). As relief, Plaintiff asks the court to "grant his habeas corpus" and award him monetary damages. (*Id.* at 6-7).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding payment of any filing fee, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must

---

[1] Plaintiff does not identify which defendant's "office" he is discussing here. He has named the following offices or entities, who appear to be involved in his criminal prosecution pending in the Circuit Court of Kanawha County: the Kanawha County Sheriff, the Kanawha County Prosecutor's Office, the Kanawha County Court, the Kanawha County Public Defender's Office, Child Protective Services, Clayman LLC, and Judge James Rowe, Retired Circuit Court Judge (who was the judge assigned to Plaintiff's criminal case at the time he filed the complaint). Some of these entities are not persons suable under § 1983. Additionally, there are no specific factual allegations pled against many of these named defendants.

2

dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.[2] Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, liberal construction does not mean that the court can ignore a clear failure to allege facts setting forth a cognizable claim for relief. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a

---

[2] Section 1915A screening is applicable to a complaint that, *at the time of filing*, is brought by "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c) (emphasis added); *see also Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997) (prisoner status determined at time of filing of complaint). Plaintiff's complaint represents, under penalty of perjury, that he was incarcerated at the South Central Regional Jail when he filed the instant complaint. Thus, his subsequent transfer to Sharpe Hospital for competency evaluations has no bearing on the application of § 1915A herein.

claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Furthermore, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with Plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298

U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez,* 210 F.3d 389 (10th Cir. 2000) (permitting sua sponte dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure); *Dement v. W. Va.* No. 2:20-cv-00388, 2020 WL 5502305, at *1 (S.D. W. Va. Sept. 11, 2020). Because it appears that this federal district court either lacks subject matter jurisdiction or should abstain from exercising such jurisdiction, the undersigned has not ordered service of process on any defendants or required their appearance herein.

## **ANALYSIS**

There are several reasons for summary dismissal of Plaintiff's complaint. Before addressing the reasons for dismissal, however, the undersigned takes judicial notice of the following facts concerning Plaintiff's pending state and federal court matters[3]:

As noted above, Plaintiff has a pending state court criminal matter in the Circuit Court of Kanawha County. *See State v. Urban*, Case No. 23-F-139 (Cir. Ct. Kan. Cty.). On April 5, 2023, Plaintiff was indicted in a six-count indictment charging him with first degree robbery, use of a firearm during the commission of a felony, fleeing with reckless indifference to the safety of others, child neglect creating a substantial risk of serious bodily injury or death, and prohibited person in possession of a firearm. *Id.*, Doc. 3. Plaintiff was arrested on a capias on July 12, 2023, and the matter was set for arraignment on July 19, 2023. *Id.*, Docs 13, 14. However, at that hearing, concerns

---

[3] A court may take judicial notice of public records, such as state and federal court filings. *See Philips Cty. Mem'l Hsop.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006); *Carter v. Florence Cnty. Det. Ctr.*, No. 8:21-cv-02963-JFA-JDA, 2021 WL 5890983, at *1 n.1 (D.S.C., Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 5890986 (D.S.C., Nov. 29, 2021).

5

arose about Plaintiff's competency, resulting in a continuance of the arraignment. Subsequently, the circuit court granted Plaintiff's motion for a psychological evaluation, which further delayed proceedings in the criminal matter.

On or about October 30, 2023, Plaintiff filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2241, Case No. 2:23-cv-00710 (hereinafter "Plaintiff's federal habeas corpus matter" or "§ 2241 petition"), which is pending before other judicial officers. In that matter, United States Magistrate Judge Cheryl A. Eifert has recommended that Plaintiff's § 2241 petition be dismissed pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971). (Case No. 2:23-cv-00710, ECF No. 5 at 6-9). Magistrate Judge Eifert's recommendation, and Plaintiff's objections thereto, are awaiting rulings by United States District Judge Joseph R. Goodwin. On April 3, 2024, the Clerk's Office received and docketed in his habeas corpus matter, a letter from Plaintiff indicating that he is presently being housed at Sharpe Hospital, having been deemed "incompetent to stand trial." (*Id.*, ECF No. 14). Nonetheless, Plaintiff's state court criminal proceedings are still pending, and he may address his speedy trial defense and any other alleged constitutional infirmities or other deficiencies in his state criminal prosecution and related confinement in the state courts.

    A.    *Younger* **Abstention.**

Similar to Magistrate Judge Eifert's recommendation in the pending § 2241 federal habeas corpus matter, this federal court should abstain from exercising jurisdiction over any claims in Plaintiff's instant complaint under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts

6

to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984). As described by the Fourth Circuit:

> *Younger* held that federal courts may not enjoin a pending state criminal prosecution, absent a clear showing that defense of the . . . prosecution will not assure adequate vindication of constitutional rights. What lies behind *Younger*, of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.

*Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (internal quotations omitted). "It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution." *Scott v. Dir. of Sheriff Al Cannon Det. Ctr.*, No. 3:23-cv-02800-DCC, 2023 WL 8455257, at *1 (D.S.C. Dec. 6, 2023) (citing *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). A court should disregard *Younger*'s mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a

7

threat of immediate and irreparable injury." *Nivens, supra*, 444 F.3d at 241 (internal quotations omitted). To prevail under the bad faith exception, a plaintiff or petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). Thus, a party faces a heavy burden to overcome the bar of *Younger* abstention and must set forth "more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997). Plaintiff's largely conclusory allegations herein do not support the bad faith exception.

It appears to the undersigned that Plaintiff's criminal proceedings, which implicate important state interests, are still on-going, and that he would have adequate opportunity to present his alleged federal claims in those state court proceedings. Accordingly, Plaintiff has not presented the "truly extraordinary circumstances" necessary for federal court intervention. Therefore, the presiding District Judge should abstain from exercising jurisdiction over Plaintiff's claims herein and dismiss his complaint for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3).

**B.   Exhaustion requirement.**

To the extent that Plaintiff seeks release from custody or dismissal of his criminal charges he is, in essence, asking this federal court to, as Plaintiff puts it, "grant [his] habeas corpus." (ECF No. 1 at 6). However, as a pre-trial detainee, Plaintiff's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), as he has separately done here, but only *after* he fully exhausts his state remedies. Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that such exhaustion is necessary prior to filing a section 2241 petition in federal court. *See, e.g., Braden v. 30th*

8

*Jud. Cir. Ct.*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975); s*ee also Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *but see McDaniel v. Holland*, 631 F. Supp. 1544, 1546 (S.D. W. Va. 1986) (a petition for a writ of prohibition is not considered to be a proper form of exhaustion in the habeas corpus context). In *Braden*, the Supreme Court emphasized that "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. at 493. Thus, "a federal court should defer until the question of whether a state remedy is available is decided in the state forum." *McDaniel*, 631 F. Supp. at 1545.

Plaintiff has avenues in the state courts to address these claims – *i.e.*, a motion to dismiss indictment or other motions in his pending criminal case, as well as the opportunity to file a direct appeal, and (if necessary) an application for post-conviction habeas corpus relief. *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.") Thus, Plaintiff's complaint should be dismissed because he has not exhausted the available state court remedies prior to bringing his present claims in federal court.

**C.     No mandamus jurisdiction**.

Although not clearly asserted therein, to the extent that Plaintiff's complaint may also be construed to be asking this federal court to require the state court or other defendants to bring charges, dismiss charges, or hold a speedy trial, such requests are akin to mandamus relief and this federal court lacks jurisdiction to grant such relief against state officials. Title 28, United States Code, Section 1361, provides as follows:

9

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 (Emphasis added). Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Moreover, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). However, this court does not have jurisdiction to grant mandamus relief against state officials, including the state judges, prosecutors, law enforcement, or correctional officials named as defendants herein. *In re Smith*, 789 F. App'x 381, 382 (4th Cir. 2020) (citing *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *see also In re Myles*, 777 F. App'x 75, 76 (4th Cir. 2019); *Blake v. Hood*, No. 3:21-cv-00167, 2021 WL 2587169, at *4 (S.D. W. Va. June 1, 2021), *report and recommendation adopted*, 2021 WL 2580520 (S.D. W. Va. June 23, 2021) ("This Court has no general authority to compel action by the West Virginia circuit clerks, or by the State's director of inmate records.") Thus, this federal court cannot require state agencies to institute criminal charges or prosecute crimes.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** this United States District Court lacks subject matter jurisdiction to issue mandamus relief to compel the defendants to act in a particular way in his state court proceedings or grant him any other relief therein. Therefore, dismissal of the complaint pursuant to Fed. R. Civ. P. 12(h)(3) is warranted.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (ECF No. 1) and this civil action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is now being held at Sharpe Hospital in Weston, West Virginia.[4]

April 18, 2024

Dwane L. Tinsley
United States Magistrate Judge

---

[4] Despite Plaintiff's failure to inform this court of the change to his contact information, as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the Southern District of West Virginia, the Clerk is directed to modify Plaintiff's address on the docket sheet to reflect that he is presently residing at Sharpe Hospital.

12