```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**AARON JIMMIE URBAN,**

        Plaintiff,

v.                                              Civil Action No. 2:24-cv-00058

**STATE OF WEST VIRGINIA, SOUTH CENTRAL REGIONAL JAIL, WEST VIRGINIA DEPARTMENT OF CORRECTIONS AND REHABILITIATION, KANAWHA COUNTY SHERIFF, KANAWHA COUNTY PROSECUTOR'S OFFICE, KANAWHA COUNTY CIRCUIT COURT, CHILD PROTECTIVE SERVICES, KANAWHA COUNTY PUBLIC DEFENDER'S OFFICE, CLAYMANN LLC, and JUDGE JAMES ROWE,**

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are plaintiff's objections, ECF No. 7 ("Obj."), to the Magistrate Judge's Proposed Findings and Recommendation, ECF No. 5 ("PF&R").

### I. Factual and Procedural Background

On February 6, 2024, plaintiff Aaron Jimmie Urban ("plaintiff"), an individual incarcerated at the South Central Regional Jail ("SCRJ") filed the complaint in this case <u>pro se</u> alleging various claims arising out of his ongoing criminal

prosecution in the Circuit Court of Kanawha County, West Virginia. <u>See</u> ECF No. 1 ("Compl."). Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation for disposition.

In the complaint, plaintiff alleges several deprivations of his rights by the various named defendants. Inasmuch as plaintiff's claims amounted to allegations that state officials and actors deprived him of rights guaranteed by federal law, the Magistrate Judge interpreted the complaint to assert such claims under 42 U.S.C. § 1983. <u>See</u> PF&R at 1.

Plaintiff alleges that the "Kanawha County Sherriff's Office" and the "Prosecutor's Office" refused to press charges regarding crimes committed against plaintiff dating back to 2020 and refused to pursue charges regarding "abuse, neglect and assault" of his son. Compl. 4. Plaintiff further alleges that "there [sic] office"[1] "entrapped" him and violated his right "to obtain evidence" in his criminal case, "depriving him of liberty without legal or due process." <u>Id.</u> at 4, 6. He further alleges that he has been held in jail for seven months without

---

[1] Plaintiff did not specify which defendant the word "office" refers to.

arraignment and that his right to a speedy trial has been violated. Id. at 6.

Additionally, plaintiff alleges that SCRJ "assisted" in "depriving him of rights and liberty by not providing [him] with writing material to contact the court for 2 months and not making copies or notarizing legal papers which hindered [his] ability to defend or present arguments in his defense." Id. at 5. Plaintiff further alleges that the State of West Virginia used "the forensic psychologist" to deprive him of due process by "induc[ing] secret interrogations and abuse authority" and that the State held him "incommunicado [for] 6 months in jail." Id.

Additionally, the court takes judicial notice of the following facts related to plaintiff's other state and federal matters. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (permitting a court to take "judicial notice of matters of public record"). Plaintiff has a pending criminal case against him in the Circuit Court of Kanawha County, West Virginia. See State v. Urban, Case No. 23-F-139 (Cir. Ct. Kanawha Cty.). On April 5, 2023, a Kanawha County grand jury returned a six-count indictment against plaintiff. Id. at Doc. 3. Plaintiff was arrested on July 12, 2023, and his arraignment was set for July 19, 2023. Id. at Docs. 13, 14. However,

concerns arose regarding plaintiff's competency to stand trial which resulted in a continuance, and, three days later, the circuit court granted plaintiff's motion requesting a psychological evaluation.  Docs. 21-22, 27.

On October 30, 2023, plaintiff filed a separate action in this court, seeking habeas relief pursuant to 28 U.S.C. § 2241.  See Urban v. W. Virginia, No. 2:23-CV-00710, 2024 WL 2224369, *1 (S.D.W. Va. May 16, 2024).  That action was dismissed in its entirety, due to plaintiff's related pending state criminal matter, pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 46 (1971).  See id. at *4.

On April 18, 2024, the Magistrate Judge issued his proposed findings and recommendation pursuant to 28 U.S.C. § 1915A, which requires the court to screen any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee" thereof and to dismiss any portion of the complaint which is "frivolous, malicious, or fails to state a claim upon relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  See PF&R at 3 n.2 (citing 28 U.S.C. § 1915A).  Therein, the Magistrate Judge recommended that this matter be dismissed in its entirety because it fails to state a claim upon which relief can be

4

granted.  First, the Magistrate Judge found that the <u>Younger</u> abstention doctrine required that the court abstain from exercising jurisdiction over this matter because plaintiff failed to plead any exceptions that apply thereto.  <u>See</u> PF&R at 6-8 (citing <u>Nivens v. Gilchrist</u>, 444 F.3d 237, 241 (4th Cir. 2006)).  Second, the Magistrate Judge found that, "[t]o the extent [p]laintiff seeks release from custody or dismissal of his criminal charges," he is asking that habeas relief be granted.  PF&R at 8-9.  The Magistrate Judge determined that this action is not the appropriate vehicle for doing so and, in any case, plaintiff has failed to exhaust state remedies.  <u>Id.</u>  Finally, to the extent that plaintiff seeks mandamus relief against state officials, this court has no power to "require state agencies to institute criminal charges or prosecute crimes."  PF&R at 9-10.

On April 29, 2024, plaintiff timely objected to the PF&R.  <u>See</u> ECF No. 7 (hereinafter, "Obj.").

## II. Legal Standards

a.  Legal Standard Governing Objections

Under Federal Rule of Civil Procedure 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b).  A

district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. In particular, "a general objection . . . is insufficient to avoid waiver." Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (noting also that "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review" (quotation marks omitted)). See also Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988). "The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

   b. Legal Standard Governing Dismissal

  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To do so, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In

other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of whether a complaint states a claim upon which relief may be granted is underlain by two principles. First, the court "must accept as true all of the factual allegations contained in the [pleading]," and consider only those allegations. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must "draw[] all reasonable factual inferences . . . in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Additionally, the court is instructed to liberally construe pro se pleadings. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). Such liberal construction does not mean, however, that the court can ignore a failure to allege facts setting forth a cognizable claim for relief. See Weller v. Dep't of Social

Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, "[t]he 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate." Id.

### III. Plaintiff's Objections

Construing plaintiff's "Objections to Proposed [F]indings and [R]ecommendations" liberally, the court has identified three objections to the PF&R.

First, plaintiff argues that the "proposed findings doesn't [sic] state any factual basis or grounds for dismissal that are backed by legal arguments or evidence to the contrary of [his] claims." Obj. at 1. Inasmuch as this objection lacks specificity because it does not "focus the district court's attention on the factual and legal issues that are truly in dispute," the court need not directly address it. Lee, 337 F.3d at 416 n.3 (citing Fed. R. Civ. P. 72(b) (requiring that objections, if filed, be "specific")). Nonetheless, the court notes that the PF&R thoroughly addresses the factual basis of and legal arguments for dismissing plaintiff's complaint. See PF&R at 5-10. Accordingly, plaintiff's first objection is OVERRULED.

Second, petitioner objects to the PF&R's disposition inasmuch as his claims are "more than mere allegations of bad faith and harassment but instead are accusations backed by facts and well documented physical evidence pertaining to accounts said therein." Obj. at 1. This objection appears aimed at the PF&R's conclusion that Younger requires the court to abstain from exercising jurisdiction over this matter. See PF&R at 6-8.

In Younger, the Supreme Court held that federal courts may enjoin a pending state criminal action only where it poses a threat of immediate and irreparable constitutional harm. See Younger, 401 U.S. at 46. The Younger doctrine manifests "a broader rule of comity," recognizing that a state criminal defendant can litigate constitutional claims in defense of his state prosecution. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989).

A court should disregard Younger's mandate to abstain from enjoining state criminal proceedings only where:

> "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury."

Nivens, 444 F.3d at 241 (internal quotations omitted).

To prevail under the bad faith exception, a plaintiff must show that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). The PF&R states that "[p]laintiff's largely conclusory allegations herein do not support the bad faith exception," which is the statement to which plaintiff's second objection appears to be directed. PF&R at 8.

Considering plaintiff's allegations in his complaint in light of the foregoing, the court finds that he has not stated any facts that support a conclusion that the State of West Virginia has brought the underlying prosecution in bad faith, as defined in the Younger context. He offers no facts to support a reasonable inference that the prosecution has been brought "without a reasonable expectation of obtaining a valid conviction." Suggs, 804 F.3d at 278. Accordingly, plaintiff's second objection is OVERRULED.

Plaintiff's third and final objection appears to amount to an objection to the PF&R's conclusion that he is not, in this action, entitled to habeas relief under 28 U.S.C. § 2241.[2] See Obj. at 1, 2. Plaintiff states that "[all] state

---

[2] Petitioner also alleges that, as alleged in another matter in this court, he was appointed "ineffective and unauthorized

remedies have been exhausted to the best of [his] abilities" and that "[s]tate remedies exhaustion was ineffective." Id.

As a general matter, except for certain circumstances not present here, courts "require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (quoting Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 2274, 171 L.Ed.2d 41 2008)). Although § 2241 contains no express reference to exhaustion of state remedies, courts have held that such exhaustion is necessary prior to filing a section 2241 petition in federal court. See, e.g., Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 490-91 (1973). "A prisoner cannot seek intervention of a federal court by way of habeas corpus relief without first seeking and being denied relief in state courts if the state remedies are both available and adequate." McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986) (citing Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 1829–30, 36 L.Ed.2d 439 (1973)).

Here, plaintiff has not alleged that he has "s[ought] and be[en] denied" in state court the relief he seeks for the

---

counsel." Obj. at 2. Inasmuch as petitioner did not raise this argument in his original complaint, the court cannot consider it now when determining whether the complaint states a claim upon which relief may be granted. See Twombly, 550 U.S. at 555, 570.

constitutional violations he alleges. Indeed, plaintiff's state court criminal proceeding remains pending, and he may, in that forum, present the claims he raises here. Accordingly, plaintiff's objection to the PF&R's conclusion that he has failed to exhaust his state court remedies is OVERRULED.

IV. Portions of the PF&R to which Plaintiff did not Object

When a party does not object to a portion of a Magistrate Judge's report, the court must nonetheless review the report to ensure, based upon the record, that it contains no clear error. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Having reviewed the PF&R in its entirety, the court finds no clear error.

V. Conclusion

For the foregoing reasons, the court OVERRULES each of plaintiff's objections to the PF&R and ADOPTS Magistrate Judge Tinsley's PF&R in full. Pursuant to 28 U.S.C. § 1915A, the court ORDERS that this matter be dismissed from the docket.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 30, 2024

John T. Copenhaver, Jr.
Senior United States District Judge